Clayton L. HOWARD, Plaintiff—
Appellant,

v.

Joe KLICKA, Security Manager at SRCI, in his individual and official capacity; et al., Defendants—Appellees.

No. 05–35795.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2007.

Filed June 12, 2007.

ed by 9th Cir. R. 36–3.

Clayton L. Howard, OSP—Oregon State Penitentiary Salem, OR, pro se.

Nell Brown, FPDOR—Federal Public Defender's Office, Portland, OR, for Plaintiff–Appellant.

Steven R. Powers, Esq., Attorney General's Office, Salem, OR, for Defendants–Appellees.

Before: RYMER, GRABER, and BEA, Circuit Judges.

## MEMORANDUM *

Clayton L. Howard appeals the judgment entered in favor of various officers at the Snake River Correctional Institution Disciplinary Segregation Unit where he was incarcerated at the time the incidents about which he complains occurred. We affirm in part, and reverse and remand in part.

### I

Howard first asserts that he was unable to prosecute this exceptional case effectively because the district court failed to secure volunteer counsel. However, the district court instructed the clerk of court to try to find counsel. No one volunteered. Accordingly, the court did not abuse its discretion under 28 U.S.C. § 1915(e)(1) by proceeding months later with Howard pro se. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir.1986) (noting that § 1915(e)(1) does not authorize appointment of counsel to involuntary service).

### II

Howard also claims that he failed to receive fair notice of the requirements of summary judgment, but the district court gave a *Rand* notice that was fully compliant. *Rand v. Rowland*, 154 F.3d 952 (9th Cir.1998) (en banc). The greater difficulty is that thereafter, the district court determined that "an evidentiary hearing would enable the court to better evaluate the motions before the court and to consider the credibility issue" arising from inconsistencies between allegations in Howard's complaint and his own Concise Statement of Facts as well as discrepancies between Howard's version of the incidents giving rise to his claims and the correctional officers'. Neither a *Rand* notice nor Federal Rule of Civil Procedure 56 contemplates that an evidentiary hearing will be held to resolve credibility issues in deciding a motion for summary judgment. In these circumstances, we cannot be certain that Howard (or the correctional officers, for that matter) adequately understood what was required.

### III

Beyond this, on the merits of his Eighth Amendment claim, Howard points out that Lt. Joe Klicka admitted that denial of clothing—except for underwear—bedding, and toilet paper violated Oregon Administrative Rule 291–011–0064. He argues that the district court failed to recognize that, from this admission, it follows that the correctional officers' conduct lacked a legitimate penological purpose and was designed to punish him. Howard relies on the findings in *LeMaire v. Maass*, 745 F.Supp. 623, 639 (D.Or.1990) (*LeMaire I*), that deprivation of clothing and property is unconstitutional when mis-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

use does not present a serious risk to safety, and on this court's conclusion on appeal, *LeMaire v. Maass*, 12 F.3d 1444, 1455 (9th Cir.1993) (*LeMaire II* ), that the state's rules are constitutional as written. From this he posits that Oregon Administrative Rule 291–011–0064 is not constitutional when, as here, it is misapplied to deprive inmates of clothing and bedding when no misuse of either had occurred.[1] Howard further maintains that the district court erred in analyzing the period of close supervision separately from the period of close observation. Rather, he submits, his complaint shows that he was erroneously put on suicide watch and as a result was deprived of clothing and bedding for two days (later corrected in his Concise Statement of Facts to 21 hours) during which he was switched from close supervision to close observation and back again. At a minimum, Howard argues, triable issues of fact exist.

We cannot tell whether the district court took into consideration the facts that Howard averred in his verified complaint. *See McElyea v. Babbitt*, 833 F.2d 196, 197–98 & n. 1 (9th Cir.1987) (per curiam) (noting that a verified complaint may be treated as an affidavit that satisfies *Celotex*'s[2] affidavit requirement when the non-moving party must go beyond the pleadings). We also cannot tell the extent to which the court may have been influenced by its view, after the evidentiary hearing, that all witnesses were credible. *See Dominguez–Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1036 (9th Cir.2005) (indicating that it is inappropriate for the district court to make credibility determinations one way or the other at the summary judgment stage). This may well have made a difference, as Howard did not testify but various correctional officers did.

■ Although we believe the judgment must be vacated for these reasons, it is nevertheless clear that summary judgment was properly entered in favor of certain parties and on at least one issue. No claim of any sort is pursued against Captain Gilbert Rodriguez and Teresa Hicks, and there is no evidence that Klicka played a direct role in the conduct at issue or that he knew about the violations and did nothing to stop them. A supervisor such as Klicka may be liable for constitutional violations of his subordinates only if he personally "participated in, or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).

■ Likewise, the judgment entered is correct to the extent that Howard complains about the failure to provide medication. No such claim is alleged in the complaint. Regardless, it is undisputed that Nurse Kathy Ryals was the person responsible for dispensing medication, and she is not a party.

Finally, there is no question that it was Lt. Mark Peterson who placed Howard on close supervision at 8:11 p.m., and that it was Lt. Matthew Turner who observed Howard at 10:00 p.m. naked with his underwear hanging from the air vent. Turner requested a suicide evaluation from

1. Although it does not appear to be part of the record in this case, nor is it referred to in briefing to the district court or to us, we note that in *LeMaire*, the district court on remand entered an amended judgment. It provides: "No inmate may be deprived of bedding, clothing, or other personal property, except in strict compliance with DOC regulations."

Amended Judgment, CV. No. 89–382–PA (July 5, 1994). We cannot tell from the district court's decision in this case what effect, if any, this injunction has on the issues that Howard presents.

2. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

medical staff, which Nurse Karen Koon conducted about 10:30 p.m. It was she who placed Howard on close observation status, but Koon is not named as a party. While we do not decide whether the period of close observation is factually and legally distinct from the period of close supervision, to the extent that Howard's claim turns out to be based solely on deprivations that occurred during the period of close observation, it is not pursued against any person who was a participant.

## IV

As we cannot say that the district court correctly determined that there was no constitutional violation, we cannot uphold its determination that the correctional officers are entitled to qualified immunity. A constitutional violation is the threshold step of the qualified immunity analysis. *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Here, that question is necessarily bound up with the determination of the constitutionality of the "strip status" conditions in *LeMaire I* and *II.* Absent a record developed consistent with summary judgment procedure, there is no way that we can hold, on appeal, as a matter of law, that correctional officials could have reasonably but mistakenly believed that their conduct did not violate a constitutional right clearly established in the *LeMaire* decisions.

## V

■ The same concerns apply to the district court's determination that Howard fell short of meeting the "physical injury" requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e). Title "42 U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant but must be more than *de minimis*" before a prisoner may recover for emotional injuries. *Oliver v. Keller,* 289 F.3d 623,

627 (9th Cir.2002). Howard's complaint avers that he was in physical pain from sleeping on concrete and was psychologically traumatized. Evidently he had back trouble that the experience exacerbated. It is impossible to tell on the state of the record whether he suffered injuries and how they should be characterized.

## VI

We affirm the judgment in favor of Rodriguez, Hicks, and Klicka. We affirm judgment on Howard's claim that he was deprived of medication. We decline to reverse on the ground that Howard should have had counsel appointed; the district court fulfilled its duty to try to find volunteer counsel, and finding none, could proceed with the action. The district court issued a *Rand* notice and Howard had fair notice of the requirements of summary judgment. Otherwise, we are unable to affirm, so we reverse and remand.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART. The parties shall bear their own costs on appeal.